United States District Court

For The

Baltimore District of Maryland

| | | |
|---|---|---|
| Shalelah Cook | ) | |
| Plaintiff | ) | |
| v. | ) | Civil Action No. <u>RDB-14-cv-1776</u> |
| National Center on Institution and | ) | |
| Alternatives, LLC. | ) | |
| Defendant | ) | |

## <u>PLAINTIFF'S OPPOSITION TO DEFENDANTS'</u><br><u>PARTIAL MOTION TO DISMISS</u>

**NOW COMES**, Shalelah Cook, "Plaintiff," by and through her undersigned counsel, hereby file this Opposition to Defendants' Partial Motion to Dismiss, and for the reasons set forth in the accompanying Memorandum of Law in Support of Plaintiff's Opposition to Defendants' Partial Motion to Dismiss, incorporated herein by reference, move this Court to deny Defendants' Partial Motion to Dismiss.

**WHEREFORE**, Plaintiff prays that this Honorable Court Deny Defendant's Motion to Dismiss Counts X, XI and XII with respects to Defendant National Center on Institutions and Alternatives, Inc. ("NCIA").

Date: <u>August 8, 2014</u>

Respectfully Submitted,

_____

Jessie Lyons Crawford, Esquire
*Attorney for the Plaintiff*

United States District Court

For The

Baltimore District of Maryland

Shalelah Cook                                )
                Plaintiff                    )
                           )
v.                                                      )          Civil Action No. <u>RDB-14-cv-1776</u>
National Center on Institution and      )
Alternatives, LLC.                           )
                Defendant                 )

### <u>MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S PARTIAL MOTION TO DISMISS</u>

Plaintiff, Shalelah Cook, by and through her undersigned counsel, respectfully submits this Memorandum of Law in support of Plaintiff's Opposition to Defendants' Partial Motion to Dismiss.

### I.   INTRODUCTION

Plaintiff, Shalelah Cook ("Plaintiff") filed a Complaint on June 2, 2014 against Defendants, NCIA, Walter Billips, Jayne Gessner, Rodney Norris, Larry Norris, Herbert J. Hoelter, and James Hack for employment discrimination and retaliation under Title VII of the Civil Rights Act of 1963 and The Pregnancy Discrimination Act of 1978, and intentional infliction of emotional distress (hereinafter IIED), negligent hiring/retention, and wrongful discharge under Maryland State Law. On July 11, 2014 Defendants filed a Partial Motion to Dismiss Counts II, III, IV, V, VI, VII, and IX with respects to all individuals, and Count X with respect to Defendant Hack and NCIA, and Counts XI and XII with respect to Defendant NCIA.

On July 31, 2014, Plaintiff and Defendants filed a Consent Motion for Enlargement of Time to Respond to Defendant's Motion to Dismiss and Consent Motion to Partial Dismissal of the Individual Defendants excluding Defendant NCIA. Both Consent Motions where granted by the Court on August 1, 2014.

In response to Defendants' Partial Motion to Dismiss in regards to Defendant NCIA,
Plaintiff hereby moves to deny Defendants' Motion to Dismiss Counts X, XI and XII.
Particularly, (1) Defendant's conduct towards the Plaintiff was extreme and outrageous and
Plaintiff suffered a severe emotional response as a result, which supports a claim for IIED; (2)
Plaintiff's negligent hiring and retention claim is not preempted by Maryland Workers'
Compensation law; and (3) Plaintiff's wrongful discharge claim is also based on a violation of an
independent mandate of public policy that does not afford a statutory remedy.

## II.    STANDARD OF REVIEW

A motion to dismiss under Rule 12 of the Federal Rules of Civil Procedure tests the legal
sufficiency of the complaint. A complaint must contain a short plain statement of the claim
showing that the pleader is entitled to relief. Federal Rules of Civil Procedure Rule 8(a)(2). The
complaint must also state a plausible claim for relief and recitals of the elements of a cause of
action, supported by mere conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662,
663 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In reviewing a motion to
dismiss, the Court will accept as true all well-pleaded allegations and construe the facts and
reasonable inferences therefrom in the light most favorable to the Plaintiff. *Ibarra v. United
States*, 120 F.3d 472, 474 (4th Cir. 1997).

## III.    ARGUMENTS

### A. Plaintiff's Alleged Facts Support a Claim for Intentional Infliction of Emotional Distress.

#### 1. Mr. James Hack's conduct and Defendant's NCIA's inaction to prevent or halt Mr. Hack's behavior towards the Plaintiff constitutes extreme and outrageous conduct.

Under Maryland law, the elements of Intentional Infliction of Emotional Distress
("IIED") are 1) The conduct is intentional or reckless; 2) the conduct is extreme and outrageous;

2

and 3) There is a causal connection between the wrongful conduct and the emotional distress; and 4) the emotional distress is severe. *See Russell v. Russel Motor Cars Inc.*, No. PWG-13-2756, 2014 WL 2772252, at *5 (D. Md. June 18, 2014). Defendant NCIA does not dispute that the behavior of Mr. Hack were intentional or reckless, or that the there is a casual connection between Mr. Hack's conduct and the emotional distress. Instead, Defendant NCIA argues that Mr. Hack's conduct was not extreme and outrageous and that Plaintiff did not suffer a severe emotional response. (*See* Motion to Dismiss, pg. 5). However, Defendant NCIA had actual knowledge  of Mr. Hack's sexual harassment towards Plaintiff, and failed to take action to prevent and discontinue Mr. Hack's behavior. Based on the facts pled in the complaint and corroborated by the Plaintiff's Affidavit, Mr. Hack's behavior was extreme and outrageous, just as Defendant NCIA's inaction to prevent and discontinue Mr. Hack's harassment of Plaintiff was extreme and outrageous. (*See* Exhibit 1 and *See* Complaint, Statement of Facts).

While it is rare that sexual harassment in the workplace will rise to the level of extreme and outrageous conduct, it is not completely implausible that an employer's inappropriate sexual behavior will go beyond the bounds of human decency. *See Russell v. Russel Motor Cars Inc.*, No. PWG-13-2756, 2014 WL 2772252, at *5 (D. Md. June 18, 2014).  Having an employee's superior call the employee "Baby," discuss sexual dreams about the employee to other employees and state that the dreams made the superior's "pants get wet", call the employee "a piece of shit," and pull the employee hair are more than "run-of-the-mill" sexual harassment, as the Court has found that this type of conduct satisfies extreme and outrageous conduct. *See Id.* (The Court found that Defendant's conduct was extreme and outrageous when the Defendant called employees "sweetie, baby, darling, sunshine, gorgeous, etc., superior asked if the plaintiff

was "always been built this way…talking about [employee's] breast and butt." and Defendant slandered and defamed the Plaintiff employee's name and character.)

Based on the facts and the law stated herein, the Plaintiff has stated a claim upon which relief can be granted. Therefore, the Court must deny the Defendant's Motion to Dismiss.

**2.  Plaintiff suffered a severe emotional response as a result of Mr. Hack's sexual harassment and Defendant NCIA's failure to prevent and end such harassment.**

Plaintiff suffered from a severe emotional response as a result of Mr. Hack's sexual harassment of Plaintiff and Defendant NCIA failure to end Mr. Hack's relentless harassment towards the Plaintiff which resulted in the Plaintiff suffering severe emotional and physical responses, which are detailed in the complaint. Plaintiff suffered from severe stress and anxiety as a result of Mr. Hack's harassment. The stress and anxiety that Plaintiff endured resulted in the Plaintiff acquiring high blood pressure that required medical treatment. Plaintiff was diagnosed with high blood pressure and was placed on medication (Hydrochlorot, 24mg). Plaintiff high blood pressure and treatment with medication constitutes a severe emotional response as required for IIED. *See Russell v. Russel Motor Cars Inc.*, No. PWG-13-2756, 2014 WL 2772252, at *5 (D. Md. June 18, 2014) (Court found Plaintiff suffered a severe emotional response when Plaintiff required treatment with medication for severe emotional distress and clinical depression).

Plaintiff also suffered from migraines, in which she sought treatment from her primary care physician and was prescribed Ibuprofen to manage her migraines. Plaintiff suffered from fibroids, which can also be attributed to the stress Plaintiff suffered at work due to Mr. Hack's harassment. (See Exhibit 1).

 Plaintiff high blood pressure coupled with her other emotional and physical ailments as described herein and within Plaintiff's complaint demonstrates that Plaintiff suffered more than

4

mere annoyance and dislike for Mr. Hack's inappropriate behavior towards her. Mr. Hack's sexual harassment of Plaintiff caused the Plaintiff to suffer a severe emotional response that satisfies the requirement for a claim of IIED. (See Exhibit 1).

For the above stated reasons, Defendant's request that this Court dismiss Count X (IIED) against Defendant NCIA should be denied. Based on the facts and the law stated herein, the Plaintiff has stated a claim upon which relief can be granted.

**B. Maryland's Workers' Compensation Law Does Not Preempt Plaintiff's Claim for Negligent Hiring/Retention**

The Maryland Workers' Compensation Act (hereinafter MWCA) contains an exclusivity clause that limits an employee's remedy for an employer's liability for the employee's injury to a cause of action under the MWCA. However, Maryland courts have held that a claim for negligent hiring and retention is not preempted by the MWCA. *Ruffin Hotel Corp. of Maryland, Inc. v. Gasper*, 418 Md. 594, 618 (2011) (Holding that MWCA does not preempt a cause of action for negligent hiring/retention claims as no Maryland authority supports the claim of preemption and the Court rejected the proposition that the General Assembly intended that the MWCA is the exclusive forum in which a negligent hiring/retention claim must be litigated).

For the above stated reasons, Defendant's request that this Court dismiss Count XI (Negligent Hiring/Retention) against Defendant NCIA should be denied. Based on the facts and the law stated herein, the Plaintiff has stated a claim upon which relief can be granted.

**C. Plaintiff's Wrongful Discharge Claim is also based on violation of an independent mandate of public policy that does not afford a statutory remedy.**

Maryland Courts have recognized the principle that an action for abusive discharge is limited to only those discharges in violation of a clear mandate of public policy, which could not be remedied by a civil remedy. *See Insignia Residential Corp. v. Ashton*, 359 Md. 560, 567 (2000). The courts in Maryland limited this principle further, stating that torts of abusive

discharge does not lie where the tort that violate clear mandates of public policy can be vindicated through an expressed statute that carries its own remedy. *Id.*  On the other hand The Court of Appeals of Maryland has stated that it is not always the case that a tort action for abusive discharge will be barred whenever the discharge might be found to be an act of sexual harassment for which a remedy exists under the employment discrimination laws. *Id.*at 568 ("sometimes the facts underlying a discharge constitute both a violation of an anti-discrimination statute and of another, more narrowly focused, statute reflecting clear public policy but providing no civil remedy.") (quoting *Makovi v. Sherwin-Williams Co.*, 316 Md. 603, 620 (1989) (citing *Lucas v. Brown & Root, Inc.*, 736 F.2d 1202 (8th Cir. 1984)).

Plaintiff alleges in her complaint that Mr. Hack approached her and Ms. Mulazim and solicited a threesome from the both of them stating that he had turned his ex-wife and current wife into liking women and propositioned the Plaintiff and Ms. Mulazim, in which the both of them declined.  (See Complaint, line 70).Mr. Hack's conduct is a violation of public policy that is not afforded a civil remedy. *See  Insignia Residential Corp. v. Ashton*, 359 Md. 560, 573 (2000) ("in cases of multiple-source public policy, that statute containing the right and remedy will not foreclose recognition of the tort on the basis of some other source of public policy, unless it was the legislature's intent in enacting the statute to preempt common-law remedies") (quoting *Collins v. Rizkana,* 652 N.E.2d 653, 660 (1995)).

For the above stated reasons, Defendant's request that this Court dismiss Count XII (Wrongful Discharge) against Defendant NCIA should be denied. Based on the facts and the law stated herein, the Plaintiff has stated a claim upon which relief can be granted.

## IV.    CONCLUSION

**WHEREFORE**, Plaintiff respectfully request that this Honorable Court deny Defendants' Motion to Dismiss to dismiss Counts X, XI, and XII with respects to Defendant NCIA and deny Defendants such other and further relief.

Date: <u>August 8, 2014</u>

Respectfully Submitted,

s/s

_____
Jessie Lyons Crawford, Esquire
Law Office of Jessie Lyons Crawford, LLC
2601 Maryland Avenue
Baltimore, Maryland 21218
*Attorney for the Plaintiff*

United States District Court

For The

Baltimore District of Maryland

| | | |
|---|---|---|
| Shalelah Cook | ) | |
| Plaintiff | ) | |
| v. | ) | Civil Action No. <u>RDB-14-cv-1776</u> |
| National Center Institution Alternatives, | ) | |
| LLC. | ) | |
| Defendant | ) | |

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that the Plaintiff's Opposition to Defendants' Partial Motion to

Dismiss and Memorandum of Law in Support of Plaintiff's Opposition to Defendants' Partial

Motion to Dismiss was served this 8th day of July 2014, via the Court's electronic filing system

on:

> Doug DesMarais, Esq.
> Smith & Downey
> 320 E. Towsontowne Boulevard
> Suite 1E
> Towson, MD  21286
> ddesmarais@smithdowney.com
> *Attorney for Defendants*

 

_____
Jessie Lyons Crawford, Esquire

8