IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SHALELAH COOK | * |
| Plaintiff, | * |
| v. | * Civil Action No. RDB-14-1776 |
| | * |
| NATIONAL CENTER ON INSTITUTIONS AND ALTERNATIVES INC. | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM ORDER**

The Plaintiff Shalelah Cook ("Ms. Cook" or "Plaintiff") initially filed this action against the Defendant National Center on Institutions and Alternatives Inc. ("Defendant" or "NCIA") and other individually named Defendants, including the Defendant James Hack. She asserted 12 counts of sexual harassment, pregnancy discrimination, retaliation, intentional infliction of emotional distress, negligent hiring/retention and wrongful discharge. All of these claims arose out of her employment with NCIA, and her interaction with Hack, a co-employee and supervisor.

The Defendants filed a Partial Motion to Dismiss (ECF#6), seeking to dismiss 10 of the 12 counts. In response, the Plaintiff voluntarily filed a notice to dismiss with *prejudice* all claims against the individually named Defendants, specifically Counts 2, 3, 4, 5, 6, 7 and 9, which this Court granted on August 1, 2014. (ECF#9 & 10).[1] There is no motion to

---

[1] The Clerk of the Court is instructed to re-caption this case reflecting the *one* remaining Defendant as "National Center on Institutions and Alternatives, Inc."

dismiss count 1, alleging sexual harassment against NCIA in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a)(1), or Count 8 alleging retaliation against NCIA in violation of §2000e-3(a).  Accordingly, the only counts remaining at issue in the pending Partial Motion to Dismiss (ECF#6) are count 10, alleging intentional infliction of emotional distress, count 11, alleging negligent hiring and retention, and count 12, alleging wrongful discharge – all against the only remaining defendant NCIA.  For the reasons that follow the Partial Motion to Dismiss (ECF#6) shall be GRANTED as to these three counts.  This case shall proceed as a two count complaint against NCIA, alleging sexual harassment and retaliation.

## STANDARD OF REVIEW

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P 8(a)(2).  Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted.  The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Supreme Court's recent opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "require that complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted).  The Supreme Court's decision in *Twombly* articulated "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6)

motions to dismiss. *Iqbal*, 556 U.S. at 678. First, while a court must accept as true all the factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Id.* (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim); *see also Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012) ("Although we are constrained to take the facts in the light most favorable to the plaintiff, we need not accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." (internal quotation marks omitted)). Second, a complaint must be dismissed if it does not allege "a plausible claim for relief." *Iqbal*, 556 U.S. at 679. Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

## ANALYSIS

### I.   Count 10 – Claim of Intentional Infliction of Emotional Distress

This claim must be dismissed as it does not allege facts sufficient to give rise to a claim of extreme and outrageous conduct. This Court has consistently held that a Plaintiff "faces insuperable hurdles" in claiming intentional infliction of emotional distress in the employment context. See *Kearns v. Northrop Grumman Syst. Corp.*, Civ. A. No. ELH-11-1736, 2012 WL 1183017, at *8 (D. Md. April 6, 2012); *Taylor v. Anne Arundel County*, Civ. A. No. WDQ-12-2468, 2013 WL 4451221, at *5 (D. Md. Aug. 15, 2013). While Plaintiff places great reliance on the recent opinion of *Russell v. Russell Motor Cars, Inc.*, Civ. A. No. PWG -13-2756, 2014 WL 2772252 (D. Md. June 18, 2014), that case is unique on its facts and is distinguishable on the facts from this case. As recently noted, this type of claim in an

employment context is "rarely viable." See *Davenport v. Maryland,* Civ. A. No. GLR-13-1429, 2014 WL 3887932, at *10-11 (D. Md. Aug. 6, 2014). Accordingly, this claim shall be DISMISSED.

### II.     Count 11 – Negligent Hiring/Retention

This Court has previously held that a negligent hiring/retention claim in the context of an employment discrimination case is pre-empted by federal law as it is based on statutorily prescribed sexual harassment (Title VII) See *Brown v. Johns Hopkins Hospital*, Civ. A. No. RDB-13-3258, 2014 WL 3898150, at *12 n.4 (D. Md. Aug. 6, 2014); *Bishop v. Board of Education of Calvert County*, Civ. A. No. DKC-11-1100, 2011 WL 2651246, at *11 (D. Md. July 5, 2011). In short, the negligent hiring/retention claim is DISMISSED as the Plaintiff has failed to state any viable common law cause of action.

### III.     Count 12 – Wrongful Discharge

The Court of Appeals of Maryland has clearly held that actions for abusive discharge are limited to terminations in violation of a clear mandate of public policy that are otherwise not afforded a civil remedy. *Parks v. Alpharma, Inc.* 421 Md. 59, 77(2011). This Court has previously recognized this well established principle. See *Braxton v. Domino's Pizza, LLC*, Civ. A. No. RDB-06-1191, 2006 WL 3780894, at *7-9 (D. Md. Dec. 21, 2006).

Ms. Cook attempts to circumvent this requirement under Maryland law by citing the case of *Insignia Residential Corp. v. Ashton*, 359 Md. 560 (2000). However, the facts of that case are clearly distinguishable from those alleged in this matter. Accordingly, the abusive discharge claim must be DISMISSED.

## CONCLUSION

For the reasons stated above, it is this 29th day of December, 2014, ORDERED that:

1. The Partial Motion to Dismiss (ECF#6) is GRANTED, and Counts 10, 11 & 12 against the remaining Defendant NCIA are DISMISSED;

2. The Clerk of the Court is instructed to re-caption this case reflecting the *one* remaining Defendant as "National Center on Institutions and Alternatives Inc."; and

3. The Clerk of the Court transmit copies of this Order to Counsel.

                                                            /s/
                                        Richard D. Bennett
                                        United States District Judge